James R. Johnston
W. Brendan Murphy
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Defendant
National Association of State Foresters

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 03 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHIE FITZPATRICK, individually and as personal representative of the Estate of Karen L. Fitzpatrick; RICK JOHNSON, individually, and JODY GRAY, individually and as personal representative of the Estate of Jessica Johnson; and JOHN C. DOE 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>ANCHOR INDUSTRIES, INC., an Indiana business entity; WECKWORTH MANUFACTURING, INC., a Kansas business entity; WECKWORTH-LANGDON, a Kansas business entity; INTERNATIONAL CASES AND MFG., a California business entity; SILTON CO., a California business entity; NATIONAL ASSOCIATION OF STATE FORESTERS, a national association; and JOHN DOES 1-10,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF DEFENDANT NATIONAL ASSOCIATION OF STATE FORESTERS |

NOTICE OF REMOVAL
BY NASF- 1

ORIGINAL

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

TO: KATHIE FITZPATRICK, RICK JOHNSON, JODY GRAY,
and JOHN C. DOES 1-10, Plaintiffs, and
JOHN R. CONNELLY and LINCOLN BEAUREGARD
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON &
DAHEIM LLP, and
MARIANO MORALES, JR.
LAW OFFICES OF MARIANO MORALES, JR.
Plaintiffs' Attorneys of Record

PLEASE TAKE NOTICE that defendant National Association of State Foresters ("NASF") hereby submits notice of removal of this action from the Yakima County Superior Court to the United States District Court for the Eastern District of Washington.

## I. FACTUAL SUMMARY

On October 5, 2004, NASF was served with the Complaint for Damages – Wrongful Death ("Complaint") in a case filed by Plaintiffs KATHIE FITZPATRICK, RICK JOHNSON, JODY GRAY, and JOHN C. DOES 1-10 in the Superior Court of the State of Washington for Yakima County. ANCHOR INDUSTRIES, INC., WECKWORTH MANUFACTURING, INC., WECKWORTH-LANGDON, INTERNATIONAL CASES AND MFG., SILTON COMPANY, and NATIONAL ASSOCIATION OF STATE FORESTERS are named as defendants in this action.

Plaintiffs bring these wrongful death claims to recover for the deaths of two fire fighters on or about July 10, 2001 in the "Thirtymile fire," which occurred in

NOTICE OF REMOVAL
BY NASF- 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

the Okanogan National Forest, in Okanogan County, Washington. Defendants are alleged to be the manufacturers of fire shelters and associated instructions allegedly used by decedents during the fire.

Copies of all pleadings served on NASF in the state court action are attached as Exhibit A. Plaintiffs filed their complaint on July 9, 2004. No defendant named in the action has yet filed an answer in state court.

## II.  BASIS FOR REMOVAL

There are two independent bases for removing this case to federal court. First, this action is removable under 28 U.S.C. § 1441(a), because this Court would have had original diversity jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332. Second, this action is removable under 28 U.S.C. § 1442(a), because one or more defendants acted as an officer of the United States or under such an officer and under color of a federal office when they performed the acts alleged by plaintiffs to give rise to liability.

**A.  This Action May Be Removed Under 28 U.S.C. § 1332 and § 1441(a) Because of the Presence of Diversity of Citizenship.**

This action is removable under 28 U.S.C. § 1441(a), because this Court would have had original diversity jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332 had plaintiffs elected to file the action initially in federal court.

Plaintiffs KATHIE FITZPATRICK, RICK JOHNSON, and JODY GRAY,

NOTICE OF REMOVAL
BY NASF- 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

are residents of Washington. Plaintiffs KATHIE FITZPATRICK and JODY GRAY, in their capacity as personal representatives of decedents, who were residents of Washington, are likewise deemed to be residents of Washington. *See* 28 U.S.C. § 1332(c)(2). Plaintiffs are therefore all citizens of Washington.

At the time of filing and of this action and as of the date of this removal, all defendants were citizens of states other than the state of Washington. For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant NASF is incorporated in and has its principal place of business in the District of Columbia. Defendant Anchor Industries, Inc., is incorporated in Indiana and has its principal place of business in Indiana. Defendant Weckworth Manufacturing, Inc. is incorporated in Kansas and has its principal place of business in Kansas. Defendant Weckworth-Langdon is an operational name for Weckworth Manufacturing, and Weckworth-Langdon therefore has the same citizenship as Weckworth Manufacturing. Defendants International Cases and Mfg. and Silton Company have not been served in this action as of the date of filing of this notice of removal. Both International Cases and Mfg. and Silton Company are incorporated in and have their principal place of business in California.

Plaintiffs identifies as JOHN C. DOE 1-10 and defendants identified as

NOTICE OF REMOVAL
BY NASF- 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

"JOHN DOES 1-10" are fictitious names and are disregarded for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Consequently, all defendants are citizens of states other than the state of citizenship of plaintiffs, and there is complete diversity.

According to the Complaint, plaintiffs seek general, special, and punitive damages for personal injuries and wrongful death, as well as attorneys' fees and court costs. Complaint ¶¶ 4.1, 4.2, 4.3, and V. Because of the nature of these claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.    This Action May Be Removed Under 28 U.S.C. § 1442(a) Because One or More of the Defendants Were Acting as Federal Officers or Under a Federal Officer and Under Color of a Federal Office.**

28 U.S.C. § 1442(a) provides a second, independent basis for removal jurisdiction, because defendant NASF allegedly acted under an officer of the United States under color of such office. *See* 28 USC § 1442(a)(1); *see also* . *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996). Plaintiffs allege that defendant NASF is liable for acts or omissions related to the instructions that accompanied the fire shelters at issue in this case. Specifically, plaintiffs allege that defendant NASF was "involved in preparing instructions which accompanied the fire shelters [which] . . . were inadequate, erroneous, unreasonable, and dangerous," and base their products liability, negligence, and wrongful death claims on those instructions. Complaint ¶¶ 1.9, 3.1, 3.2, 3.3.

NOTICE OF REMOVAL
BY NASF- 5

### 1. Defendant NASF Acted Under a Federal Officer and Has a "Colorable Federal Defense" to Plaintiffs' Claims.

Removal under 28 U.S.C. § 1442(a)(1) is proper first because defendant NASF was acting as a federal officer or under a federal officer and has a "colorable federal defense" to the above claims. *See Mesa v. California*, 489 U.S. 121 (1989).

NASF is a nonprofit corporation composed of the forestry officials from all U.S. states and territories. Under authority of the Cooperative Forest Assistance Act of 1978, 16 U.S.C. §§ 2101-2111 (2000) and other federal regulations, NASF provided state representation to a federally chartered organization made up almost exclusively of federal agencies, the National Wildfire Coordinating Group (NWCG). The United States Secretaries of Agriculture and Interior established the NWCG in 1976 to provide "leadership for a seamless response to wildland fire across the nation." NWCG Organization Bylaws and Operating Principles. Among other areas, the NWCG "provides a formalized system to agree upon standards of training [and] equipment." *Id.* The instructions that plaintiffs claim were deficient were promulgated by the NWCG in execution of its federally mandated role of providing a uniform response to wildland fire.

Any involvement that defendant NASF may have had in the development of the allegedly defective instructions accompanying the fire shelters referred to in plaintiffs' claims was limited to its participation in NWCG activity regarding such

NOTICE OF REMOVAL
BY NASF- 6

instructions. Such activity was undertaken, if at all, under the direction of and in conjunction with federal agency representatives on the NWCG. As a result, NASF has a colorable federal defense of sovereign or official immunity for its role in the development of the instructions plaintiffs allege to be defective. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998).

2. **There is "Causal Nexus" Between Plaintiffs' Claims and the Acts Defendant NASF Performed "Under Color of Federal Office".**

Second, removal under 28 U.S.C. § 1442(a)(1) is proper because there is a "causal nexus" between plaintiffs' claims and the acts NASF performed "under color of federal office." *Arness v. Boeing North American, Inc.*, 997 F. Supp. 1268, 1271 (C.D. Cal. 1998) (quoting *Fung v. Abex Corp.,* 816 F.Supp. 569, 571-72 (N.D.Cal.1992)). Specifically, any role that defendant NASF had in the development of the instructions for the fire shelters at issue in this case arose from its statutorily authorized participation in the NWCG, a federally created organization performing a federal function as described above. Plaintiffs' claims against defendant NASF arise solely from its alleged participation in preparing those fire shelter instructions, which they allege to be "inadequate, erroneous, unreasonable, and dangerous." Complaint ¶ 1.9. Accordingly, there is sufficient nexus between plaintiffs' claims and defendant NASF's actions under color of federal office to support removal under 28 U.S.C. § 1442(a)(1).

NOTICE OF REMOVAL
BY NASF- 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

### 3. The Same Considerations Support Removal by Anchor Industries and Weckworth Manufacturing.

Removal under 28 U.S.C. § 1442(a)(1) is proper for those defendants also, because the they allege that the acts at issue that they performed were done "under color of federal office," because there is a "causal nexus" between plaintiffs' claims and the acts those defendants are alleged to have performed, and because they have a "colorable federal defense" to those claims. Both Anchor and Weckworth manufactured fire shelters under contract to the federal government and allege that they did so in accordance with reasonably detailed specifications provided by the federal government.

Anchor and Weckworth further allege that those activities were performed by them under close government supervision, pursuant to comprehensive and detailed contract specifications provided by the United States and its officers, so that the two companies was thus "acting under" an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). Anchor's and Weckworth's actions during each stage of fire shelter manufacture are inseparable from invasive government regulation and oversight, and a clear nexus exists between their actions at the direction of the government and plaintiffs' claims for relief.

Consequently, Anchor and Weckworth both invoke the "government contractor defense" as stated in *Boyle v. United Technologies, Inc.*, 487 U.S. 500

NOTICE OF REMOVAL
BY NASF- 8

(1988). This defense requires proof of three elements, all present in this case. First, as discussed *supra*, Anchor and Weckworth allege that the United States approved reasonably precise specifications for the fire shelters. Second, they allege that the fire shelters conformed to those specifications. Third, both Anchor and Weckworth allege that they never failed to warn the government about the dangers associated with the fire shelters that were known to them but not to the government. Accordingly, both Anchor and Weckworth have each asserted a "colorable" defense under federal law, and both are entitled to remove this case under 28 U.S.C. § 1442.

### III. CO-DEFENDANTS' JOINDER IN REMOVAL

NASF is informed that co-defendants International Cases and Mfg. and Silton Company have yet to be served with the summons and complaint in this matter and therefore do not have to join in the removal on diversity grounds. Defendants Anchor Industries Inc., Weckworth Manufacturing, Inc., and Weckworth-Langdon join in this removal on both diversity and federal officer grounds, and each will contemporaneously file a joinder in this notice of removal.

### IV. INTRADISTRICT ASSIGNMENT

Because this Court is the United States District Court for the district and division embracing the place where the state court action is pending, it is the appropriate court for removal. *See* 28 U.S.C. §§ 1441(a).

NOTICE OF REMOVAL
BY NASF- 9

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## V. TIMELINESS OF REMOVAL

NASF was served with a summons and complaint in this action on October 5, 2004 and was the first-served defendant. NASF is informed that co-defendants Anchor Industries Inc., Weckworth Manufacturing, Inc., and Weckworth-Langdon, were served with the summons and complaint on or after October 5, 2004. NASF is informed that co-defendants International Cases and Mfg. and Silton Company have yet to be served with the summons and complaint in this matter.

Consequently, by removing this case to federal court within thirty days of October 5, 2004, NASF has timely removed this action within the thirty-day period contained in 28 U.S.C. § 1446(b).

## VI. PLEADINGS IN THE STATE COURT ACTION

Copies of all pleadings served on NASF in the state court action are attached hereto as Exhibit A. No defendant named in the action has yet filed an answer in state court. A copy of this notice has been served on all parties of record and will be filed with the Clerk of the Superior Court for Yakima County.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL
BY NASF- 10

## VII. CONCLUSION

For the reasons stated above, NASF respectfully requests that the above-entitled action be removed from the state court in which it was filed to the United States District Court in and for the Eastern District of Washington.

DATED this 2nd day of November, 2004.

PERKINS COIE LLP

By _____
W. Brendan Murphy, WSBA #34476
James R. Johnston, WSBA #8744
Attorneys for Defendant National Association
of State Foresters

[SL043040.005/56808-0001]

NOTICE OF REMOVAL
BY NASF- 11

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

EXHIBIT

James R. Johnston
W. Brendan Murphy
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Defendant
National Association of State Foresters

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHIE FITZPATRICK, individually and as personal representative of the Estate of Karen L. Fitzpatrick; RICK JOHNSON, individually, and JODY GRAY, individually and as personal representative of the Estate of Jessica Johnson; and JOHN C. DOE 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>ANCHOR INDUSTRIES, INC., an Indiana business entity; WECKWORTH MANUFACTURING, INC., a Kansas business entity; WECKWORTH-LANGDON, a Kansas business entity; INTERNATIONAL CASES AND MFG., a California business entity; SILTON CO., a California business entity; NATIONAL ASSOCIATION OF STATE FORESTERS, a national association; and JOHN DOES 1-10,<br><br>Defendants. | NO.<br><br>VERIFICATION OF STATE COURT RECORDS |

VERIFICATION OF STATE
COURT RECORDS - 1

Ex. A

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

W. Brendan Murphy declares:

1. I am an attorney representing defendant National Association of State Foresters herein.

2. The attached are true and complete copies of all pleadings, orders and other records and proceedings that were filed in the Superior Court of the State of Washington for Yakima County in Cause No. 04 2 02316 4, entitled "<u>Kathie Fitzpatrick, et al. v. Anchor Industries, Inc., et al.</u>," and includes copies of all process, pleadings and orders served upon this defendant.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED this 3rd day of November, 2004.

W. Brendan Murphy, WSBA #34476

VERIFICATION OF STATE
COURT RECORDS - 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

RECEIVED

2004 JUL 9 PM 3 36

KIM M. EATON
EX OFFICIO CLERK OF
SUPERIOR COURT
YAKIMA, WASHINGTON



FILED
JUL 09 2004
KIM M. EATON, YAKIMA COUNTY CLERK

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR YAKIMA COUNTY

KATHIE FITZPATRICK, individually and as personal representative of the Estate of Karen L. Fitzpatrick; RICK JOHNSON, individually, and JODY GRAY, individually and as personal representative of the Estate of Jessica Johnson; and, JOHN C. DOE 1-10,

Plaintiffs,

v.

ANCHOR INDUSTRIES INC., an Indiana business entity; WECKWORTH MANUFACTURING, INC., a Kansas business entity; WECKWORTH-LANGDON, a Kansas business entity; INTERNATIONAL CASES AND MFG., a California business entity; SILTON COMPANY, a California business entity; NATIONAL ASSOCIATION OF STATE FORRESTERS, a national association; and JOHN DOES 1-10,

Defendants.

NO. 04 2 02316 4

SUMMONS

TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled court by the above named Plaintiffs. Plaintiffs claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1 of 3
0
[summons]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
[address illegible]

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiffs must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this ___ day of July, 2004.

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

By _____
John R. Connelly, Jr., WSBA No. 12183
Lincoln C. Beauregard WSBA No. 32878
Attorneys for Plaintiffs

SUMMONS - 2 of 3
0
[summons]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

LAW OFFICE OF MARIANO MORALES, JR.

By /s/

Mariano Morales, Jr., WSBA No. 19213
Attorneys for Plaintiffs
3907 Summitview Ave., Ste. B
Yakima, WA 98902
509-972-0493

SUMMONS - 3 of 3
0
[summons]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

17

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR THE COUNTY OF YAKIMA**

| | |
|---|---|
| KATHIE FITZPATRICK, individually and as Personal representative of the Estate of Karen L. Fitzpatrick; Rick Johnson, individually, and JODY GRAY, individually and as personal Representative of the Estate of Jessica Johnson And, JOHN C. DOE 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>ANCHOR INDUSTRIES INC., an Indiana business Entity; WECKWORTH MANUFACTORING, INC. A Kansas business entity; WECKWORTH – LANGDON, Kansas business entity; INTERNATIONAL CASES AND MFG., a California business entity; SILTON COMPANY, a California business entity; NATIONAL ASSOCIATION OF STATE FORRESTERS, a national association; and JOHN DOES 1-10,<br>Defendants. | NO:<br><br>DECLARATION OF FAX FILING |

UNDER PENALTY of perjury under the laws of the state of Washington, I, SUE RADKE, do hereby declare that the following is true and correct:

FITZPATRICK, JOHNSON VS.
ANCHOR INDUSTRIES, ET AL.

LAW OFFICES OF MARIANO MORALES JR., P.S.
Mariano Morales Jr., Attorney
3907 Summitview Ave., Suite
Yakima, WA 98902
Telephone (509) 972-0493
Facsimile (509) 972-0489

Page 1

1  Pursuant to GR 17, I have examined the THE SIGNATURE PAGE OF THE SUMMONS
2  in the above matter. It consists of three (3) pages including this declaration and it is complete
3  and legible.
4  DATED this 9th day of July, 2004
5
...
10  *Sue Radke* (signature)
11  SUE RADKE
12  Law Office of Mariano Morales, Jr.
13  3709 Summitview Ave., Suite B
    Yakima, WA 98902
14  Phone 509-972-0493

34  FITZPATRICK, JOHNSON VS.
    ANCHOR INDUSTRIES, ET AL

    **LAW OFFICES OF MARIANO MORALES JR., P.S.**
    *Mariano Morales Jr., Attorney*
    3907 Summitview Ave., Suite
    Yakima, WA 98902
    Telephone (509) 972-0493
    Facsimile (509) 972-0489

Page 2

RECEIVED
2004 JUL 9 PM 3 36
KIM M. EATON
EX OFFICIO CLERK OF
SUPERIOR COURT
YAKIMA, WASHINGTON


FILED
JUL 09 2004
KIM M. EATON, YAKIMA COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR YAKIMA COUNTY

| | |
|---|---|
| KATHIE FITZPATRICK, individually and as personal representative of the Estate of Karen L. Fitzpatrick; RICK JOHNSON, individually, and JODY GRAY, individually and as personal representative of the Estate of Jessica Johnson; and, JOHN C. DOE 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>ANCHOR INDUSTRIES INC., an Indiana business entity; WECKWORTH MANUFACTURING, INC., a Kansas business entity; WECKWORTH-LANGDON, a Kansas business entity; INTERNATIONAL CASES AND MFG., a California business entity; SILTON COMPANY, a California business entity; NATIONAL ASSOCIATION OF STATE FORRESTERS, a national association; and JOHN DOES 1-10,<br><br>Defendants. | NO. 04 2 02316 4<br><br>COMPLAINT FOR DAMAGES - WRONGFUL DEATH |

COME NOW the above-named Plaintiffs and through this Complaint and by way of claim allege:

COMPLAINT FOR DAMAGES - WRONGFUL DEATH - 1 of 6
0
(product complaint)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP