1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7

8  KATHERINE FITZPATRICK, MOTHER )
   AND PERSONAL REPRESENTATIVE  )        No. CV-04-3123-JLQ
9  OF THE ESTATE OF KAREN       )
   FITZPATRICK and RICK JOHNSON )        MEMORANDUM OPINION and
10 and JODY GRAY, PARENTS AND    )        ORDER GRANTING MOTION
   PERSONAL REPRESENTATIVE OF THE )       TO COMPEL and DENYING
11 ESTATE OF JESSICA JOHNSON,    )        MOTION FOR PROTECTIVE
                                 )        ORDER
12          Plaintiffs,          )
                                 )
13          vs.                  )
                                 )
14 ANCHOR INDUSTRIES, et al      )
                                 )
15                               )
            Defendants.          )
16 _____ _____)

17        Before the court is the Motion To Compel Depositions and Documents (C.R. 33)

18 filed by the Plaintiffs and the Motion For Protective Order (C.R. 38) filed by the United

19 States Department of Agriculture.  For the reasons hereinafter stated the Motion To

20 Compel Depositions and Documents is GRANTED and the Motion For Protective Order

21 is DENIED.

22        This is an action brought against various non-governmental Defendants by the

23 parents of two young U. S. Forest Service firefighters, Karen Fitzpatrick and Jessica

24 Johnson, who tragically died in July of 2001 while fighting the "Thirty-mile Fire" in

25 north-central Washington State on behalf of the Forest Service.  Two other persons,

26 whose estates are the Plaintiffs in the companion cases, were also killed while fighting

27 the fire. Karen Fitzpatrick and Jessica Johnson were allegedly over-run by the fire and

28 ORDER - 1

1 | sought to save their lives through the use of "fire shelters" which the court understands

2 | were small tents designed to protect persons seeking shelter therein from fire.  The

3 | Defendants herein are the manufacturers and trainers in the use of the "fire shelters."

4 | The parents of these two young women sought to take the depositions of three

5 | employees of the Forest Service in or near their places of employment or residence.  The

6 | Forest Service does not contend that the location of the proposed depositions was not a

7 | convenient one for the employees.  The Plaintiffs also sought the production of various

8 | documents concerning the "Thirty-mile" fire and the investigation of the Forest Service

9 | into the fire and death of the two young firefighters, Karen Fitzpatrick and Jessica

10 | Johnson.

11 | The Plaintiffs appropriately noted the depositions of the three Forest Service

12 | employees for March of 2005, well in advance of the 2005 fire season.  In order that these

13 | depositions and related document production will not interfere with the three employees

14 | duties during the 2005 fire season, counsel for the parties and for the Forest Service shall

15 | promptly confer and agree upon an early deposition and document production date.

16 | In its Motion For Protective Order the Agriculture Department contends, in effect,

17 | that it has the absolute right to prohibit the depositions of its employees, even though the

18 | inquiry is of a limited number of employees and documents and involves the death of two

19 | young firefighter employees who were killed while serving under the direction of that

20 | agency.  Further, the Agriculture Departure contends that such depositions may not take

21 | place until the Plaintiffs submit in writing the questions to be propounded by counsel for

22 | the Plaintiffs.  The Agriculture Department does not contend that the information sought

23 | concerning these tragic events is priviledged or adverse to the interest of the United

24 | States.  To the contrary, the court can think of no reason why the Agriculture Department

25 | should not be fully cooperative in the furnishing of information concerning the death of

26 | these two young firefighters.  The position of the Department concerning advance

27 | submittal of questions to be asked its employees is rejected.

28 | ORDER - 2

The Agriculture Department contends that through the adoption of its own "Touhy" regulations, its employees can only be deposed if authorized by the Department and that such employees are not subject to the process of this court. The court finds this position is not well taken and the court specifically finds that under the facts of this case the Agriculture Department and its employees must comply with the Motion To Compel of the Plaintiffs. Even the Department's own Regulations, 7 C.F.R. 1.214(b), recognize that the interest of the Agriculture Department is of importance. The court can think of no greater motive and interest that our Government and its employees should have when the death of two young firefighters is involved than a full and complete disclosure of all information in the possession of the Government to all parties to this action. From the submittals to this court, it appears that the Agriculture Department has already made complete disclosure to the media and other interested parties of the documents and information sought by the decedent's parents. There is no valid reason for the withholding of such information to the parents of the decedents in this action.

The Agriculture Department contends that its Regulations and the case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-69 (1951) authorize the seemingly arbitrary positions it has taken herein. However, the Department fails to recognize, or state in its briefing, that after *Touhy*, the United States Congress amended the statute authorizing the adoption of Regulations by governmental agencies to specifically prohibit the "withholding of information from the public or limiting the availability of records to the public." See 5 U.S.C. § 301 (1982). As amended by this post-*Touhy* enactment, Congress has provided as follows:

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. ***This section does not authorize withholding information from the public or limiting the availability of records to the public.***

ORDER - 3

(Emphasis supplied concerning the post *Touhy* enactment).

In *Exxon Shipping Co. v. United States*, 34 F. 3d 774 (9th Cir.1994) the court made clear that this post *Touhy* enactment prohibited the government from refusing to allow ten governmental employees to be deposed concerning the Alaska *Exxon Valdez* oil spill. The fact that the United States was a party to that action was not relevant to the court's determination that governmental employees having relevant information to that spill and its effects could not be prohibited from being deposed. Nothing in 5 U.S.C. § 301 warrants a determination by the Agriculture Department in this case that its employees with knowledge concerning the events leading to the death of two young firefighters in its service are not subject to the Federal Rules of Civil Procedure authorizing the depositions of all persons, be they parties or not, having relevant information concerning an action arising from those deaths. It further appears to the court that the Department employees who Plaintiffs seek to depose, and other such employees, may have the only actual information concerning the events leading up to the death of the decedents.

Having in mind that it is important that the depositions not be delayed this spring so as to interfere with the other duties of Department employees and the time scheduled by this court for trial, the court directs that these depositions and the production of the documents be promptly scheduled. The court notes that the Department has suggested that even if the discovery ordered herein is to take place, it may attempt to withhold "privacy" matters. In order that such a claim not prolong the discovery, the court observes that it would be proper to withhold such matters as Social Security numbers for its employees, other than the decedents. However, the Department shall not withhold addresses and telephone numbers of the deponents or other employees who discovery may reveal also have relevant information.

As stated, *supra*, the Motion To Compel of the Plaintiffs is GRANTED and the Motion For Protective Order of the United States Department of Agriculture is DENIED.

IT IS SO ORDERED.

ORDER - 4

1    The Clerk of this court shall enter this Order and forward copies to counsel.

2    **DATED** this 21st day of April 2005.

3                                s/ Justin L. Quackenbush

4                        JUSTIN L. QUACKENBUSH
                   SENIOR UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 5