UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| EVELYN CRAVEN et al., | ) ) | No. CV-04-0243-JLQ |
| Plaintiffs, | ) ) | ORDER RE: PENDING DISCOVERY MOTIONS |
| vs. | ) ) | |
| NATIONAL ASSOCIATION OF STATE FORESTERS, et al., | ) ) ) | |
| Defendants. | ) | |
| KATHIE FITZPATRICK et al., | ) | NO. CV-04-3123-JLQ |
| Plaintiff, | ) ) | ORDER RE: PENDING DISCOVERY MOTIONS |
| vs. | ) ) | |
| ANCHOR INDUSTRIES, INC., et al., | ) ) | |
| Defendants. | ) | |
| KENNETH L. WEAVER et al., | ) | NO. CV-04-3075-JLQ |
| Plaintiff, | ) ) | ORDER RE: PENDING DISCOVERY MOTIONS |
| vs. | ) ) | |
| NATIONAL ASSOCIATION OF STATE FORESTERS, et al., | ) ) ) | |
| Defendants. | ) | |

BEFORE THE COURT are numerous pending discovery motions including motions for protective order and competing motions to compel. See Craven, 04-243 (Ct. Rec. 91, 97, 99, and 101); Fitzpartick, 04-3123 (Ct. Rec.45, 49, and 51); and Weaver, 04-3075 (Ct. Rec. 87, 97, 106). The court has reviewed the numerous briefs and lengthy declarations and attachments.

Counsel were advised by the court at both the scheduling conference and at the

ORDER - 1

initial discovery conference on January 20, 2005 as to the court's views on discovery. Counsel were additionally instructed in the court's scheduling order to comply with the "spirit of open discovery" and that "the court views Rule 26 liberally and the parties have an obligation to disclose the good and the bad and observe an 'open file' policy with the exception of privileged materials".  The court finds that Defendant Weckworth has failed to comply with the court's mandate.

Accordingly,

**IT IS HEREBY ORDERED:**

1. The Plaintiffs in each of the three cases filed a motion for protective order regarding post-mortem images (Ct. Rec. 91-CV-04-243; Ct. Rec. 45 - CV-04-3123; and Ct. Rec. 87-CV-04-3075).  The parties reached a stipulated agreement on this issue and the court issued an order reflecting such.  That protective order now being in effect, the three motions are **denied as moot**.

2. The next issue concerns Defendant Weckworth's Motion for Protective Order filed in each of the three cases (Ct. Rec. 97-CV-04-243; Ct. Rec. 49-CV-04-3123; and Ct. Rec. 97-CV-04-3075).  Weckworth seeks a protective order prohibiting discovery on the following topics: 1) Weckworth's sales to entities other than the United States Government (commercial consumers); 2) fire shelters assembled after the Thirty Mile Fire of July 10, 2001; and 3) the "New Generation" fire shelter that Weckworth began selling in March 2003.  All three Weckworth motions for protective order are hereby **DENIED to the extent set forth herein**.

3. Weckworth's Motions for Protective order were met by Plaintiffs' corresponding motions to compel (Ct. Rec. 99 & 101 - CV-04-243; Ct. Rec. 51-CV-04-3123) and the Weaver plaintiffs joinder in those motions (Ct. Rec. 100-CV-04-3075).  Accordingly, the Plaintiffs' motions to compel are **GRANTED to the extent set forth herein**.

4. The dispute over Weckworth's sales to commercial consumers centers on whether such records are relevant or may lead to the discovery of admissible evidence. The court finds such records are relevant to the government contracts specifications

ORDER - 2

defense. Therefore, Weckworth **shall** fully answer all interrogatories requesting the dates upon which Weckworth sold fire shelters to commercial customers, who Weckworth sold fire shelters to, and how many fire shelters Weckworth has sold to commerical customers. Weckworth **shall** provide Plaintiffs with all warnings and instructions supplied to commercial customers over the last ten years. If the warnings have not changed throughout the years, or have always mirrored the government instructions, this should be an exceedingly simple request. Lastly, Weckworth, pursuant to the Craven Plaintiff's deposition notice, **shall** designate and produce for deposition the person(s) who could best testify about the various aspects (specified above) of Weckworth's commercial sales.

     5. The dispute over discovery post-July 2001, centers on both the relevance and admissibility of evidence of subsequent remedial measures. Whether a document or other evidence is discoverable or admissible are distinct concepts. Even if evidence of design change or changes to the warnings/instructions or evidence of the advent of the "New Generation" fire shelter is eventually deemed inadmissible, that does not mean that such information is not discoverable. Such information is relevant to the issues in these cases. Defendant Weckworth **shall produce discovery** as to all changes in the design, manufacture, production, labeling, instructions, component parts and or other materials of fire shelters produced and/or delivered to the United States Forest Service from July 2001 through 2003 when the "New Generation" shelter began production. Additionally, Weckworth **shall produce** discovery regarding how the "New Generation" shelter differs from the prior fire shelters sold to the United States Forest Service.

     6. Plaintiffs in the Weaver, 04-3075, case have additionally filed a Motion to Compel regarding the specificity of answers to interrogatories provided by Defendant Weckworth. (Ct. Rec. 106, CV-04-3075). Federal Rule of Civil Procedure 33(d) gives a party the option to produce business records in response to an interrogatory. In so doing, a party shall "specify the records from which the answer may be derived or ascertained". The Rule goes further to state that a specification "shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the

ORDER - 3

records from which the answer may be ascertained."  All discovery in these three related cases is being produced and scanned into an electronic database in Seattle, Washington. Each document is then given a "T-Scan" number.  The Weaver Plaintiffs requested that, because Weckworth has produced over 9,000 documents, it reference a T-Scan number if it invokes the option to produce business records under Rule 33(d).  Defendant has refused to so provide.

Plaintiffs particularly object to responses such as: "Weckworth responds that its only knowledge ... may be contained in the documents generated to it by the Federal Government"; "contained in the USDA Forest Service's investigation report . . . and accompanying materials"; "plaintiffs have copies of these documents so [Weckworth] will not reproduce them"; and "Weckworth has produced documents responsive to this request in accordance with the parties' agreements to scan and exchange documents".

Defendant Weckworth, in its responsive brief, suggests that Plaintiffs don't want to do their own work, that the court is limited to considering only the 4 deficient responses set forth in the body of Plaintiff's motion to compel, and that "[i]f Plaintiff wanted a different response, it should have asked a different question"(Ct. Rec. 120, p. 7).  The court takes issue with all three assertions.  It is evident from a review of the briefing and the discovery submitted that Defendant Weckworth is not complying with the spirit of open discovery.  Additionally, this court is not limited to consideration of the four interrogatories set forth in the motion.  Plaintiff submitted a declaration in support of the motion to compel with an appendix of approximately 20 responses that Plaintiff felt were insufficient. (See Ct. Rec. 107-2, CV-04-3075).  The court approves of the manner in which the motion to compel, declaration, and **portion of discovery at issue** were submitted.  Plaintiff need not submit all 132 interrogatories that were posed, as the court need not be further inundated by the continuous discovery disputes in this matter.

Many of Defendant Weckworth's responses have failed "to specify the records from which the answer may be derived or ascertained" as required by Rule 33. **Defendant Weckworth shall identify business records referred to by their T-Scan**

ORDER - 4

**number or answer the interrogatory as provided in Rule 33(b).** If Defendant Weckworth wishes to refer Plaintiff to a specific report, it may do so by identifying the report and the T-Scan number for the first page of the report. If Defendant Weckworth wants to refer Plaintiff to "accompanying materials" it shall specify those materials by the T-Scan number.

      7. All Counsel are cautioned that the court will not tolerate evasive and uncooperative responses to interrogatories. The court does not approve of 'blanket objections' such as vague, overbroad, unduly burdensome etc.. By way of example, the Fitzpatrick Plaintiff's posed interrogatory 19 to Defendant Weckworth:

"When did you first sell or transfer a fire shelter to a person or entity other than the federal government?" (taken from Ct. Rec. 51, CV-04-3123), to which the response was, in part: "overbroad, vague, unduly burdensome, and not limited in time and scope." **This type of response is UNACCEPTABLE**. All this question asked for was a simple response in the form of - - "Weckworth first began selling to commercial consumers in __ month, 199_". Instead, Weckworth refused to answer the interrogatory, but then represented to this court that it did not sell to any commercial consumers until after receiving its contract with GSA in 1995. All parties need to cooperatively respond during the discovery process, rather than waiting until a motion to compel is pending and then make assertions in the briefs.

      **Any further evasion and lack of cooperation in the discovery process will be met with appropriate sanctions.**

      8. The court expects that the parties will work cooperatively in the future and the court will not be called upon to referee future disputes. However, should such need arise, **all parties when submitting declarations, including exhibits and attachments, over 50 pages must submit to the Clerk's office a courtesy paper copy that is clearly marked "Judge's Courtesy Copy of Electronic Filing"**. Please make note of this requirement as it is a modification of the district's administrative procedures for electronic case filing.

ORDER - 5

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order **in the above three cases** and furnish copies to counsel.

**DATED** this 25th day of July, 2005.

<u>s/ Justin L. Quackenbush</u><br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6